HILAND CARPENTER, APPELLANT, v. THE CONTINENTAL INSURANCE COMPANY OF THE CITY OF NEW YORK, RESPONDENT.

*Motion to change the place of trial for the convenience of witnesses — the old rules as to what the affidavits must contain should be strictly enforced.*

The strict requirements, established by numerous decisions, as to the contents of affidavits used on motions to change the place of trial are wise, and the old rules relating thereto should not be relaxed.

Where the applicant fails to state in his moving affidavits that, without the testimony of each and every of the witnesses named, he cannot safely proceed to the trial of the cause, as he is advised by his counsel and verily believes, the motion should be denied, except possibly in a case where the affidavit is so full and definite as that the court can see that the party could not proceed to trial without the testimony of each witness.

APPEAL from an order, made at a Special Term, changing the place of trial from the county of Rensselaer to the county of Washington for the convenience of witnesses.

*R. A. Parmenter*, for the appellant.

*D. M. Westfall*, for the respondent.

LEARNED, P. J.:

We think that the strict requirements, established by numerous decisions, as to the contents of affidavits used on motions to change the place of trial are wise. Experience shows that, on these motions, parties often claim that more witnesses will be necessary than are actually called when the trial finally comes on. And as motions of this kind do not affect the merits of the case, we think it well to hold parties to those forms which have been settled, in order that

courts may reasonably determine how many witnesses will in fact be required.

Those forms are explained in an elaborate note to *Brittan* v. *Peabody* (4 Hill, 62). The party must state that he has fully and fairly stated, etc., the facts which he expects to prove by *each and every* of the witnesses ; that *each and every* of the witnesses is material and necessary for, etc., as he is advised, etc., and that without the testimony of *each and every* of said witnesses, he cannot safely proceed to the trial of the cause as he is advised, etc.

The present affidavit is defective in not stating that *each and every* of the witnesses is material and necessary, and in omitting altogether the statement that *without the testimony of each and every, etc., he cannot safely proceed, etc.*

The importance of these strict rules will appear by examining this case. The affidavit mentions twenty-five facts which are to be proved. The third is that Edward Daily died intestate. That is alleged in the complaint and denied in the answer. Yet the affiant states that he needs three witnesses to prove what he has thus denied.

The first and second facts are alleged and not denied. Yet two witnesses are said to be needed to prove them. The fourth is that no letters of administration were issued. To this two witnesses are said to be needed. It is a mere matter of record. The fifth, sixth and seventh, are alleged in the complaint and not denied in the answer. Yet three witnesses are said to be necessary on these points. The same may be said of the ninth, tenth, eleventh and twelfth ; to which, or some of which, some six witnesses are said to be necessary We do not see that the thirteenth or fourteenth are disputed. Yet some witnesses are stated to be necessary on these points.

Now, without examining the affidavit further, we have stated enough to show the excellence of the forms which have been established. It is doubtful whether the affiant would have stated that without the testimony of each and every of the twenty-five persons named the defendant could not safely proceed to trial

We are referred to a Special Term case (*Austin* v. *Hinkley*, 13 How., 576), which tends to relax the strictness of the old rule. The rule permitting the party to state the nature of the controversy is mentioned in 1 Burrill's Practice, 43, but with no intimation that the

old strictness should be abandoned.  And it is better that the uniform rule should be adopted in a matter which, we above remarked, does not affect the merits of the case.  Certainly we think that in this case an adherence to the strict rule would probably have changed the affidavit materially.  Possibly an affidavit might be so full and definite that the court could see that the party could not safely proceed to trial without the testimony of each of the witnesses.  That is not this case.

It is very likely that the attention of the learned justice who decided the motion was not called to the imperfection of the affidavit.  And it is urged by the respondent that therefore it should not be regarded here.  We certainly are unwilling generally to review the discretion exercised in a motion of this kind, thinking that the discretion of the Special Term is as good as that of the General Term.  But it seems to us apparent that the moving party could not say that without the testimony of all these witnesses he could not safely proceed to trial.  Unless that were the case, the place of trial should not be changed.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, costs of motion to abide event.

Present — LEARNED, P. J., and BOARDMAN, J.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, costs of motion to abide event.